DANIEL HOWELL *et al.* plaintiffs in error, *v.* REUBEN BAR-
RETT, administrator of Eliakim Simonds, deceased, de-
fendant in error.

### *Error to Winnebago.*

Where the action is in *debt,* and the verdict and judgment are in damages, both
are erroneous.

In an action upon a promissory note executed by five persons, four were served
with process. One of them pleaded *nil debet,* two demurred to the declara-
tion, and the fourth did not appear. The cause was tried upon the plea
aforesaid, and the jury returned a verdict against the defendant for $361·50
in damages, and a separate judgment was rendered against him. On the next
day, the demurrer being overruled, the clerk assessed the damages against
the remaining three at $362·50, and a separate judgment was rendered against
them for that amount: *Held,* that the judgment must be an unit, and that the
jury who tried the plea should have assessed the damages as against the other
defendants served.

The Supreme Court will not render such a judgment as the Circuit Court should
have rendered, unless the evidence on which a verdict was founded is
before it.

DEBT, in the Winnebago Circuit Court, brought originally
by the intestate of the defendant in error against the plain-
tiffs in error. The cause was heard before the Hon. Thomas
C. Browne and a jury, at the August term 1846, when two
judgments were rendered for the plaintiff below, of different
amounts against different defendants, one upon the verdict
of the jury, and the other upon the clerk's assessment of the
damages.

The case is briefly stated in the Opinion of the Court.

*J. Marsh,* for the plaintiffs in error.

When one of several defendants pleads, and the others
make default, the jury should assess the damages as to all,
at the same time. *Teal* v. *Russell,* 2 Scam. 319.

The proceeding by petition and summons is in *debt,* and
the verdict and judgment, being in damages only, were de-
fective in form, and incurable. Rev. Stat. 418, § 33; *Jackson*
v. *Haskell,* 2 Scam. 565; *Heyl* v. *Stapp,* 3 do. 95; *Mager* v.
*Hutchinson,* 2 Gilm. 266.

*J. Butterfield,* for the defendant in error.

The Opinion of the Court was delivered by

TREAT, J. The history of this case is as follows: The action was by petition and summons brought by Simonds, as the payee of a promissory note, against Howell, Wheeler, Horsman, Sanford and Potter, as the makers thereof. Process was served on all of the defendants but Howell. Sanford pleaded *nil debet,* and gave notice of set-off. Wheeler and Potter demurred to the declaration. The death of Simonds was suggested, and Barrett, his administrator, made plaintiff. The demurrer to the declaration was overruled, and an interlocutory judgment entered against the demurrants. The cause as against Sanford was tried by a jury, and a verdict returned in favor of the plaintiff for $361·50, in damages. Sanford entered a motion in arrest of judgment, which the Court denied; and a separate judgment was rendered against Sanford for the amount of the verdict. On the next day, the clerk assessed the damages as against the defendants Wheeler, Potter and Horsman at $362·50, for which amount a separate judgment was entered against them. The defendants prosecuted a writ of error.

The judgments must be reversed. The action was in debt, and the verdict and judgments are in damages. It was error to render two judgments in the same case. The judgment must be an unit. The correct practice was not pursued in assessing the plaintiff's damages. The jury that tried the case as against Sanford, should have assessed the damages as against the other defendants. This case shows the impropriety of departing from the proper practice. The verdict of the jury, and the assessment of the clerk, are for different amounts; and that in an action founded on joint liability; and where the recovery must be for the same amount against all. *Teal* v. *Russell,* 2 Scam. 319; *Frink* v. *Jones,* 4 do. 170; *Wight* v. *Meredith,* Ib. 360.

The proper judgment cannot be entered in this Court. The evidence on which the verdict was founded is not before us. We cannot, therefore, ascertain what portion was

for the debt, and what for the damages. *Jackson* v. *Haskell*, 2 Scam. 565; *Heyl* v. *Stapp*, 3 do. 95; *Mager* v. *Hutchinson*, 2 Gilm. 266.

The judgments rendered by the Circuit Court in this case are reversed, with costs to be paid by the defendant in error, as the administrator of Simonds; and the cause is remanded with directions to the Circuit Court to award a *venire de novo.*

*Judgment reversed.*